UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 20-40923

KENETHA HARRIS,                                 Chapter 7

                Debtor.                   Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S EX-PARTE MOTION TO REOPEN CASE**

      On January 23, 2020, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On April 28, 2020, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 18). After the Trustee completed her administration of the case and filed a final report and a final account, the bankruptcy case was closed, on March 14, 2021. On May 7, 2021, the Debtor filed a motion entitled "Ex-Parte Motion to Reopen Case" (Docket # 37, the "Motion"). The Motion seeks "to reopen the case solely [for the Debtor] to enter into both her first and second mortgages reaffirmation agreements with FreeStar Financial Credit Union." (*See* Mot. at ¶ 4.)

      Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." *See In re Vozza*, 569 B.R. 686, 687 (Bankr. E.D. Mich. 2017); *In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein. A reaffirmation agreement must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *In re Hoffman*, 582 B.R. 181, 183 (Bankr. E.D. Mich. 2018); *In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). Because the Motion fails to demonstrate that a reaffirmation agreement was made (*i.e.*, signed by both the Debtor and the creditor FreeStar Financial Credit Union) before the discharge order was entered in this case,[1] the Debtor has failed to show that there can be an enforceable reaffirmation agreement between herself and the mortgage creditor.

      For this reason, the Debtor has failed to demonstrate that any purpose would be served by reopening this bankruptcy case. The Motion has not demonstrated any cause or other valid reason for reopening this case. *See* 11 U.S.C. § 350(b).

      Accordingly,

      IT IS ORDERED that the Motion (Docket # 37) is denied.

---

    [1] The Motion does not state that both the Debtor and FreeStar Financial Credit Union signed a reaffirmation agreement before the Debtor received a discharge. Rather, the Motion indicates just the opposite.

**Signed on May 10, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

2